UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Independent School District No. 283, | Civil No. 18-935 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| E.M.D.H., a minor, by and through her parents and next friends, L.H. and S.D., | |
| Defendants. | |

___

Peter A. Martin, Esq., Knutson, Flynn & Deans, PA, counsel for Plaintiff.

Amy J. Goetz, Esq., and Andrea L. Jepsen, Esq., School Law Center, LLC, counsel for Defendants.
___

**INTRODUCTION**

In this action, Independent School District No. 283 (the "District") requests judicial review of a March 16, 2018 decision (the "Decision") issued by an administrative law judge ("ALJ"). (Doc. Nos. 1, 2.) The Decision ruled in favor of the parents of a high-school student who lodged a due process complaint under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"). The District seeks reversal of the ALJ's Decision and presently moves to supplement the administrative record. (Doc. Nos. 1, 100.) For the reasons set forth below, the Court denies the District's Motion to Supplement the Administrative Record. (Doc. No. 100.)

## BACKGROUND

Defendants E.M.D.H. (the "Student"), a minor, by and through her parents and next friends, L.H and S.D. (the "Parents") (together "Defendants") assert that the Student, a sixteen-year old junior in high school, has been denied her right to a free and appropriate education under the IDEA. In short, Defendants submit that the Student went years without special education and related services because she was not properly classified as having a disability. The Parents hired a private educational team to design and implement an individualized education program. In June 2017, Defendants initiated an administrative hearing to correct the conditions and restore the Student's education.

After a seven-day hearing, the ALJ issued the Decision, requiring Plaintiff to immediately change the Student's educational placement by providing her a free appropriate public education consisting of special education and related services, at public expense, until her graduation. The District then initiated the present action seeking judicial review of the Decision and to reverse the findings therein. The District presently seeks to supplement the administrative record.

## ANALYSIS

The IDEA provides that a court reviewing a state administrative decision "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). While acknowledging that the IDEA permits the admission of supplemental evidence, the Eighth Circuit has held that "a party seeking to introduce

additional evidence at the district court level must provide some solid justification for doing so." *Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D.*, 88 F.3d 556, 560 (8th Cir. 1996) (quoting *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990)). It has also noted that "[r]endering a decision on the record compiled before the administrative agency . . . is the norm." *West Platte R-II Sch. Dist. v. Wilson ex rel. L.W.*, 439 F.3d 782, 785 (8th Cir. 2006).

"In the absence of 'solid justification' for the submission of additional evidence, the administrative hearing process would be undermined and would render meaningless Congress' admonition that the Courts ascribe 'due weight' to those underlying proceedings." *Moubry ex rel. Moubry v. Indep. Sch. Dist. No. 696 (Ely)*, 951 F. Supp. 867, 900 (D. Minn. 1996) (quoting *Roland M.*, 910 F.2d at 996). The following have been identified as potential "reasons for supplementation" by the First Circuit as well as another court in this District: "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* (quoting *Town of Burlington v. Mass. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984)).

The District seeks to introduce two declarations into the record – one from Carey Hermanson, a special education teacher employed by the District, and Deanna Lawrence, the Supervisor of Student Services for the District. (Doc. Nos. 103 ("Hermanson Decl."), 106 ("Lawrence Decl.".) Hermanson worked with the Student numerous times between April 2018 and July 2018. (Hermanson Decl. ¶ 5.) Hermanson's declaration describes

3

the Student's meetings with Hermanson, explaining that the Student "consistently self-initiated work and tasks," "was able to focus, carry on her work, and perform at a high level without interference from emotional or behavioral concerns." (*Id.* ¶¶ 12, 15.) In Hermanson's opinion, the Student does not need special education. (*Id.* ¶ 17.) Lawrence was involved in the development of the Student's IEP, including identifying goals "related to increasing the Student's 'time on activities' usage of PLATO, the School District's web-based learning tool the Student has been using since September 2017." (Lawrence Decl. ¶ 2.) Lawrence's declaration summarizes the Student's PLATO data. (*See, e.g.*, *id.* ¶¶ 5-7.) Lawrence reaches the conclusion that "the data demonstrates that the Student has been initiating work and tasks without assistance, and she has been working very successfully on a self-directed basis." (*Id.* ¶ 10.)

The District contends that solid justification exists for permitting the supplemental evidence because the declarations are relevant to the issue of whether the Student is eligible for special education. (Doc. No. 102 at 8-9.) The District also argues that even if the Student is eligible for special education, the declarations are "relevant to the question of the appropriate placement for the Student." (*Id.* at 9.) Defendants argue that the District has failed to show solid justification for submitting the declarations and that they are irrelevant, unreliable, and cumulative. (Doc. No. 107 at 2, 10.)

The Court declines to permit supplementation of the voluminous record because the District has failed to establish a solid justification for doing so. Specifically, the Court finds that the District has failed to overcome the strong presumption that administrative appeals should be decided on the record as it existed before the hearing

officer.  The Eighth Circuit has indicated that reviewing courts should not "judge [a student's] IEPs in hindsight." *K.E. ex rel. K.E. v. Indep. Sch. Dist. No. 15*, 647 F.3d 795, 808 (8th Cir. 2011).  It explained that "[a]n IEP is a snapshot, not a retrospective, and we must take into account what was, and was not, objectively reasonable when the snapshot was taken, that is, at the time the IEP was promulgated." *Id.* (internal quotation marks and citation omitted).  Consistent with this view, it has affirmed a district court's denial of supplementation where the proposed evidence consisted of "the progress and status of [the student] subsequent to the administrative hearing." *West Platte R-II Sch. Dist.*, 439 F.3d at 785.  The Court similarly declines to permit such evidence here.  Giving due weight to the administrative proceedings and recognizing that "[r]endering a decision on the record compiled before the administrative agency . . . is the norm," *id.*, the Court respectfully denies the District's Motion to Supplement the Administrative Record.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the District's Motion to Supplement the Administrative Record (Doc. No. [100]) is **DENIED**.

Dated:  September 21, 2018         s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

5