UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Independent School District No. 283,      Civil No. 18-935 (DWF/ECW)

        Plaintiff,

v.                                                                                          MEMORANDUM
                                                                                   OPINION AND ORDER
E.M.D.H., a minor, by and through her
parents and next friends, L.H. and S.D.,

        Defendants.

# INTRODUCTION

This action involves Plaintiff Independent School District No. 283's (the "District") request for judicial review of a March 16, 2018 decision issued by an administrative law judge (the "ALJ Decision").[1]  In short, the ALJ Decision ruled largely in favor of the parents ("Parents") of a high-school student ("E.M.D.H." or "Student") who lodged a due process complaint under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA").[2]  On January 15, 2019, the Court denied the

---

[1]    The factual and procedural background of this case has been laid out in greater detail in prior orders.

[2]    Parents argued that E.M.D.H. was denied a free appropriate public education ("FAPE") after the District failed to identify, evaluate, and serve her beginning in 2015. The ALJ agreed and found that Parents were entitled to reimbursement for appropriate educational services paid for by Parents, including reimbursement for a psychological evaluation and private tutoring.  (Doc. No. 2 at 26-27.)  In addition, the ALJ concluded that E.M.D.H. is entitled to an IEP that includes academic and functional goals designed to assist E.M.D.H. to make progress toward graduation, transition into post-secondary activities, and to move to a less restrictive environment.  (*Id*. at 28.)  The ALJ also concluded that E.M.D.H. was entitled to a private tutoring program that she had been receiving from a private provider and that the District must reimburse Parents for the past

District's Motion for Judgment on the Administrative Record and granted in part Parents' Motion for Judgment on the Record, as modified. (Doc. No. 116.) Specifically, the Court affirmed the ALJ Decision with one exception—the Court found that the record did not support an award of prospective compensatory education in the form of payment for private service providers. (*Id*. at 25.) The parties cross-appealed to the Eighth Circuit Court of Appeals. (Doc. No. 118.) The Eighth Circuit affirmed in part, reversed in part, and reinstated the ALJ's award for compensatory education. *Indep. Sch. Dist. No. 283 v. E.M.D.H.,* 960 F.3d 1073 (8th Cir. 2020). After additional submissions by the parties, the Court granted in part Parents' motion for entry of judgment. (Doc. No. 149.) The Court subsequently ordered the parties to submit additional briefing as to the scope and amount of monetary judgment for prospective private services. (Doc. No. 155.) After multiple attempts to resolve the issue of an appropriate remedy in this case, Parents bring a Motion for Judgment on Private Compensatory Education Program ("PCEP"), Attorneys' Fees, and Costs (Doc. No. 182).

## DISCUSSION

**I.     PCEP**

Parents argue that to satisfy the compensatory education services award, they are entitled to enforce their rights to funding for compensatory education services by: (1) entry of a judgment in favor of E.M.D.H. and her Parents so they can procure and pay

---

cost of that program (and other IEE activities) and to make future payments directly to the provider for tutoring. (*Id*. at 28, 62.) The ALJ, however, denied Parents' request that the District set aside funding for a future residential treatment placement. (*Id*. at 59.)

2

for compensatory education services outlined in the PCEP with District funds; or (2) an order requiring the District to provide the services directly.[3] Parents submit that the former course is superior because the District has been unable and unwilling to provide the services itself. Parents further submit that the costs associated with the PCEP have increased since the initial program was created and now total $753,640.00. Parents request that the Court enter judgment against the District in the amount of $753,640.00 to fund the updated PCEP and to direct that funds be deposited into a trust created for that purpose.

The District opposes Parents' motion, arguing that the scope and amount of remedies requested should be substantially reduced. The District maintains that Parents are not entitled to a cash payment because they were never awarded a monetary fund for compensatory education or to fund a future residential placement. Instead, the District

---

[3]  In seeking to implement the proposed PCEP, Parents request that the District fund a private program that is separate from the current IEP and outside the IEP process. As part of the proposed PCEP, Parents seek various provisions that were not contemplated by the ALJ, such as funding for placement in a "community setting" with a "supportive roommate" and various private services. (*See* Doc. No. 164-3.)

Parents submit that the proposed PCEP contains supports and services to assist E.M.D.H.'s transition from partial high school completion and dependence to post-high school, independent status. Parents also submit that they voluntarily withdrew the request for residential placement on the hope that a less restrictive infusion of private special education would suffice, but argue that it is now clear that residential supports are necessary to make a compensatory education meaningful and accessible to E.M.D.H. Parents maintain that the proposed PCEP represents a program consistent with the supports and services contemplated in the ALJ's Decision requiring compensatory educational services, which was reinstated by the Eighth Circuit. In particular, Parents underscore that the ALJ identified the components of a private tutoring program to be implemented until graduation. Parents stress that the only viable alternative to funding the PCEP is to order the District to fund replacement services for the three years of missed education.

stresses that it was ordered to provide (or pay private providers for) compensatory education services. The District argues that Parents now request an award that would punitively exceed the remedies set out in the ALJ Decision. The District further argues that even if the Court is inclined to grant a money judgment to Parents, the PCEP and proposed trust documents (which name E.M.D.H.'s mother as the trustee) are suspect, the latter containing material deficiencies and lacking any clear assurance that the money would be used to fund E.M.D.H.'s education. Finally, the District submits that, contrary to Parents' assertion that E.M.D.H. has never received a free appropriate public education ("FAPE"), the District has committed and continues to commit substantial resources to support E.M.D.H., including but not limited to, significant services provided by a dedicated case manager, a licensed social worker, a private behavior analyst, and a private behavior specialist.[4]

The Court has carefully considered the parties' arguments. The Court notes that the ALJ initially ruled largely in favor of Parents, finding in part (and relevant here) that E.M.D.H. was entitled to a program identical to a tutoring program that she had been receiving from a private party at the time. The ALJ did not, however, grant the Parents' request that a fund be set aside for a potential future residential placement. The District challenged the ALJ's Decision in this Court, but the Parents *did not* appeal the denial of

---

[4] In addition, the District highlights that the IEP Team and Parents have been engaging in the collaborative process over the past few years, whereby E.M.D.H.'s IEP was developed and subsequently modified and adjusted as needed. The District also submits that E.M.D.H.'s IEP is uniquely tailored and has shown to be effective.

the fund for a potential future residential placement.[5] The Court affirmed the decision of the ALJ on all issues except for the order to pay for future private-tutoring services. On appeal, the Eighth Circuit affirmed in part, reversed in part, and reinstated the ALJ's award for compensatory education. In so holding, the Eighth Circuit explained:

> The Student challenges the district court's conclusion that the ALJ's award of compensatory education in the form of private tutoring was inappropriate. Although compensatory damages are unavailable through the IDEA, compensatory education is allowed . . . . Whether the District is able to provide the Student a FAPE prospectively is irrelevant to an award of compensatory education. Because of this backward-looking nature, the purpose of any compensatory-education award is restorative—and the damages are strictly limited to expenses necessarily incurred to put the Student in the education position she would have been had the District appropriately provided a FAPE. The administrative record supports the ALJ's conclusion that the services of a private tutor are appropriate until the Student earns the credits expected of her same-age peers. We therefore reinstate the ALJ's award of these services, to be provided only so long as the Student suffers a credit deficiency caused from the years she spent without a FAPE.

*Indep. Sch. Dist. No. 283 v. E.M.D.H.,* 960 F.3d at 1084-85 (internal citations and parentheticals omitted).

Per the Eighth Circuit's direction, Parents are entitled to the services of a private tutor and "expenses necessarily incurred" to place E.M.D.H. in the "education position she would have been had the District appropriately provided a FAPE." (*Id.*) Here, a FAPE includes "the services of a private tutor" until E.M.D.H. earns the credits expected

---

[5] Because Parents did not appeal the denial of residential placement, that issue is not properly before the Court. In addition, there has been no determination that the current IEP violates the IDEA. The Court notes that the requested provisions of the PCEP, when considered in the context of the ALJ Decision, appear to exceed the remedies set forth in the ALJ Decision in certain aspects.

and to be provided only so long as E.M.D.H. suffers a credit deficiency caused from the years she spent without a FAPE. Notably, the Eighth Circuit reiterated that "compensatory damages are unavailable through the IDEA." (*Id.*)

Here, the Court finds that per the ALJ Decision and the Eighth Circuit's reasoning and opinion, the District is required to provide compensatory education services to E.M.D.H. and, as directed by the ALJ, to pay private providers directly. That type of monetary award is permissible under the IDEA. In addition, Parents are entitled to reimbursement for required compensatory services already paid for. *See, e.g.*, *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005) ("the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place").[6] Accordingly, the Court grants Parents' motion for judgment in part as follows: (1) Parents are entitled to a judgment reinstating the ALJ's award of compensatory education services; (2) the District continues to be obligated to provide E.M.D.H. a FAPE that includes compensatory educational services that include private tutoring until E.M.D.H. earns the credits expected as her peers and only so long as E.M.D.H. suffers a credit deficiency; and (3) therefore, E.M.D.H. is entitled to these continued services, to be paid for by the District and, to the extent that E.M.D.H. can provide documentation, reimbursement for compensatory education services already paid

---

[6] The District acknowledges that schools may be required to provide compensatory education services and, in some circumstances, be required to directly pay private providers for compensatory education services that are provided or to reimburse for services already paid for. (Doc. No. 186 at 8-9.)

6

for by Parents. To the extent that E.M.D.H. requests any additional monetary award, that request is respectfully denied.

## II.    Attorney Fees

Parents also move for total prevailing attorney fees and costs, seeking an award in the amount of $592,110.50.[7] The District contends that while Parents are entitled to reasonable attorneys' fees, such an amount should be reduced to $346,060.80. The Parents argue that the total amount requested should be awarded without reduction.

The IDEA provides that the court "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(1). A "prevailing party" for purposes of an IDEA attorneys' fees is a litigant who obtains "actual relief on the merits of [her] claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1030 (8th Cir. 2003) (citation omitted). Here, Parents are a prevailing party.

To calculate reasonable attorneys' fees, the Court starts with the lodestar, which is a product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the IDEA, these fees must be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished… [and n]o

---

[7]    In their reply brief, Parents request an additional $17,150.00 incurred since October 2021, for a total of $609,260.50. (Doc. No. 188 at 6.)

bonus or multiplier may be used in calculating the fees awarded." 20 U.S.C. § 1415(i)(3)(C). The party seeking a fee award must provide evidence of hours worked and the rate claimed. *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). In calculating a reasonable fee amount, courts should exclude hours that were not "reasonably expended," such as excessive or redundant hours or instances where overstaffing or poor billing judgment has occurred. *Hensley*, 461 U.S. at 434.

First, the District argues that the Court should deduct $12,725.00[8] from the requested $16,300.00 in post-Supreme Court fees. The District maintains that $5,600.00 represents fees incurred after the submission of fee statements in October 2021, and that the Parents have not updated their fee request. In addition, the District calls into question the reasonableness of fees for over 23 hours of time ($9,300,00.00) in four days to prepare a 1-page motion, 3-page declaration, and 3-page brief in October 2021 and requests that this amount be reduced by 75% ($6,625.00) to $2,675.00. Finally, the District notes that a $450 time-entry for October 5, 2021, appears to describe drafting a new due process complaint that was not filed. Accordingly, the District submits that the Parents are entitled to an award of $3,625.00 in post-Supreme Court fees.

Second, the District argues that the Court should reduce Parents' request for $160,386.50 of fees and costs while the case was pending at the United States Supreme Court to $115,206.25. The District takes no issue with the $95,000.00 requested for fees incurred by Latham and Watkins. However, the District argues that the $65,386.50 in

---

[8] The Court calculates this number to be $12,675.00 ($5,600.00+$6,625.00+450).

fees incurred by Attorney Goetz should be reduced by $1,475.00 for fees related to a potential new due process hearing or ADA complaint and conducting research for issues not related to the present matter, and reduced further by $880.25 for law clerk administrative time that is not recoverable. In addition, the District submits that, if the Court denies Parents' cash award, the Court should further reduce the request by $42,825.00, which accounts for work performed on that issue. Accordingly, the District submits that Parents are entitled to an award of $158,031,25 or $115,206.25, depending on the resolution of the cash award issue.

Third, the District argues that the Court should reduce Parents' request for $157,850 for fees and costs related to the Eighth Circuit appeal to $75,879.55. The District points out that the Eighth Circuit awarded $1,879.55 in costs and $74,000.00 as "appellate attorney fees," and remanded to this Court "the request for attorneys' fees incurred in the district court." As such, the District maintains that Parents are entitled to no more than $75,879.55.

Fourth, the District argues that the Court should reduce Parents' request for $247,362.50 to $151,350.00 for fees incurred before the Eighth Circuit appeal. As to this latter category of requested fees, the District notes a number of concerns, including vague and nonspecific entries, retroactive application of a higher hourly rate, fees incurred in preparing an excluded prehearing brief, excessive and unsupported clerk fees, fees that appear to be incorrectly billed, fees for attendance at IEP hearings, and fees for work on issues never tried or prevailed upon.

Finally, the District argues that costs and fees incurred to design and update the PCEP—$16,712.00—should not be awarded because Parents are not entitled to cash as a special education remedy.

The Court generally finds that the hourly rates charged by Parents' attorneys are reasonable; however, the Court agrees that the actual rate (and not a retroactive application of Attorney Goetz's current rate) should be applied to her work performed. In addition, the Court is persuaded by most of the District's arguments regarding their proposed reductions in the fees sought by Parents, with the main exception being the deduction of $16,712.00 for the design and update of the PCEP. While the Court has determined that Parents are not entitled to the full amount to fund the requested trust for compensatory education services, the Court has determined that the District is required to provide compensatory education services to E.M.D.H. and that Parents may be entitled to reimbursement for required compensatory services already paid for. Thus, the Court finds it reasonable to reduce the $16,712.00 by 75% (-$12,534.00), for a total of $4,178.00. Similarly, the Court finds it reasonable to reduce Parents' request for $42,825.00 in fees related to the preparation of PCEP, trust, and related issues while the case was pending before the Supreme Court by 75% (-$32,118,75), for a total of $10,706.25. Thus, taking into account the additional deductions of $1,475.00 and $880.25, Parents are entitled to an award of $125,912.50 for fees and costs while the case was pending before the Supreme Court. As for the other categories of fees, the Court determines that Parents are entitled to an award of $3,625.00 in post-Supreme Court fees and $151,350.00 for fees incurred before the Eighth Circuit appeal. In addition, Parents

are entitled to the $75,879.55 previously awarded by the Eighth Circuit. For the reasons discussed above, and in the Court's discretion to award reasonable attorney fees, the Court concludes Parents are entitled to a total award of $360,945.05.

## CONCLUSION

The Court remains concerned that the parties have not been able to resolve this matter in a way that serves the interest of E.M.D.H. while respecting the parameters of the ALJs Decision and the IDEA. However, the Court is hopeful that, based on reported educational progress by E.M.D.H. through collaborative efforts and modifications to her IEP, that E.M.D.H. will reach her goals.

Based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Judgment on Private Compensatory Education Program, Attorneys' Fees, and Costs (Doc. No. [182]) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Parents are entitled to a judgment reinstating the ALJ's award of compensatory education;

    b. The District continues to be obligated to provide E.M.D.H. a FAPE that includes compensatory educational services, including that of a private tutor, until E.M.D.H. earns the credits expected as her peers and only so long as E.M.D.H. suffers a credit deficiency; and E.M.D.H. is entitled to these continued services, to be paid for by the District and, to the extent that Parents can provide documentation, Parents are entitled to reimbursement for compensatory education services already paid for by Parents;

    c. To the extent that Parents request any additional monetary award, that request is respectfully denied; and

    d. Parents are entitled to an award for attorney fees and costs in the amount of $360,945.05.

  2. The parties are directed to contact the Chambers of the Magistrate Judge to set up a process by which Parents can seek prompt reimbursement for services already paid for.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 20, 2022        s/Donovan W. Frank
                 DONOVAN W. FRANK
                 United States District Judge